**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MGP INGREDIENTS, INC.,                )
                                       )
                      Plaintiff,       )
                                       )
            vs.                        )   Case No. 06-2318 JWL-DJW
                                       )
                                       )
MARS, INCORPORATED, AND                )
S&M NUTEC, LLC,                        )
                                       )
                      Defendants.      )

<u>**PROTECTIVE ORDER REGARDING PROTECTION OF DOCUMENTS AND OTHER**
**INFORMATION**</u>

Upon Motion of the Plaintiff (doc. 33), and good cause appearing, the Court enters this ORDER governing  the treatment of Highly Confidential Documents and Information provided in discovery in this proceeding.

**I.      SCOPE**

   A.      The Order shall apply to documents and other information provided by a Disclosing Party to a Receiving Party in this proceeding, as well as any copies, extracts, compilations or summaries of such documents and other information that is designated as .  The Order shall apply to all documents and other information contained in any of the parties' submissions to the court as to any deposition testimony.

   B.      The Order shall apply to all documents and other information received through discovery or other means from a non-party where such information contains the Confidential, trade secret or proprietary information of a Party provided that it has been maintained as confidential by the non-party from whom it has been obtained.

   C.      The Order shall not prevent a Receiving Party from using or disclosing documents and other information that is publicly known.

D.      The Order shall not prevent any party from using or disclosing documents and other information rightfully obtained from a non-party authorized to provide such documents and information, provided such use or disclosure is permitted by the non-party.

E.      The Order shall not affect what ever rights a party may possess to use or disclose its own documents or other information.

## II.     DESIGNATION

A.      For purposes of this Order, "HIGHLY CONFIDENTIAL" shall refer to documents and other materials that contain non-public, proprietary business information or trade secrets, including information pertaining to any ingredients, processes, plans, procedures, tests, contracts, equipment for making or selling any product or its substantial equivalent.  A Disclosing Party may stamp documents and other information that it produces "HIGHLY CONFIDENTIAL," but the failure to do so shall not constitute a waiver of the confidential status to be afforded to all documents and other information disclosed in this proceeding.

B.      The "HIGHLY CONFIDENTIAL" designation shall be made in the following manner:

1.      for documents, by placing the legend "HIGHLY CONFIDENTIAL" on each page of any such document;

2.      for written submissions to the court and/or another party, by placing the legend "CONTAINS HIGHLY CONFIDENTIAL INFORMATION" on the face of any such written submission;

3.      for depositions, see Section VI below.

C.      If a party believes that information is so highly sensitive that it should not be revealed at all, nothing in this Agreement prevents such party from seeking further protection from the court including but not limited to an Order that disclosure not be had, or only on such further terms as the court may deem appropriate.

CC 1725964v5

D.    The "HIGHLY CONFIDENTIAL" designation shall be made at the following time:

1.    for documents, at the time of the production of the documents;

2.    for written submissions, at the time of filing; and

3.    for depositions, as described in Section IV below.

E.    In the event that a Disclosing Party produces a document or other material which should have been designated as HIGHLY CONFIDENTIAL, and inadvertently fails to stamp the material as HIGHLY CONFIDENTIAL, the Disclosing Party may notify the Receiving Party in writing within ten (10) days of discovery of its inadvertent failure to make the confidentiality designation.  The Receiving Party who received the document or other material without the HIGHLY CONFIDENTIAL designation will segregate the materials from non-confidential materials and then return or destroy them when replaced with properly marked materials.

F.    If a Receiving Party disagrees with the designation of HIGHLY CONFIDENTIAL materials, the Receiving Party shall inform the Disclosing Party in writing of the dispute and the parties shall make good faith efforts to resolve the dispute.  Materials shall remain protected until the dispute is resolved by written agreement or by the court.

## III.    ACCESS TO HIGHLY CONFIDENTIAL DOCUMENTS AND INFORMATION

A.    Documents and other information provided by a Disclosing Party that are designated as "HIGHLY CONFIDENTIAL" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to the following individuals:

1.    persons employed by the parties to this proceeding who have responsibility for this lawsuit, who are assisting or involved in the preparation or supervision of this lawsuit, or who are being deposed or are expected to testify in this lawsuit, provided that any such person is first informed of the existence and contents of the Order and signs a written Undertaking in which he or she agrees to abide by the Order prior to obtaining access to HIGHLY CONFIDENTIAL documents or other

information (see Exhibit A attached hereto);

2.     outside attorneys of record to any party, the employees and staff of such attorneys of record on a "need to know" basis, and support services contractors (e.g. copying services) hired by the outside attorneys of record, provided that any such individual is first informed of the existence and contents of the Order;

3.     testifying or consulting experts retained by a party in connection with this Lawsuit, provided that any such person is first informed of the existence and contents of the Order and signs a written Undertaking in which he or she agrees to abide by the Order prior to obtaining access to HIGHLY CONFIDENTIAL documents or other information (see Exhibit A attached hereto);

4.     witnesses disclosed by the parties prior to any hearing in this proceeding, provided that any such witness is first informed of the existence and contents of the Order and signs a written Undertaking in which he or she agrees to abide by the Order prior to obtaining access to HIGHLY CONFIDENTIAL documents or other information (see Exhibit A attached hereto);

5.     any other person only by the written consent of the Disclosing Party or court Order and upon such conditions as may be agreed or ordered.  All such persons shall sign a written Undertaking in which he or she agrees to abide by the Order prior to obtaining access to HIGHLY CONFIDENTIAL documents or other information see Exhibit A attached hereto).

B.     All "HIGHLY CONFIDENTIAL" materials protected by this Order shall be maintained at a location and in a manner calculated to ensure that access is limited to persons authorized by the Order.

## IV.    DEPOSITIONS

A.     Deposition testimony in this lawsuit shall NOT deemed HIGHLY CONFIDENTIAL except as follows:

1.     if any portion of the deposition testimony concerns HIGHLY CONFIDENTIAL documents or other information, counsel for the party desiring to protect such testimony will undertake to mark the covers of all deposition transcripts "Highly Confidential" and, within fourteen (14) days of receipt of the deposition transcript, counsel desiring to protect such testimony will provide counsel for the other party with a designation of the portions of the transcript that are HIGHLY CONFIDENTIAL.

## V.    USE

A.     Documents and other information provided pursuant to this Order shall be held in strict confidence by all authorized persons and shall be used and disclosed only

for the purposes of this proceeding, including any action to reverse or affirm any judgment or order.  Such documents and other information shall be protected from any unauthorized use or disclosure and from any use unrelated to this proceeding, including, without limitation, any business, proprietary, commercial, governmental or any use related to any other legal proceeding, except as provided in Section VIII.

**VI.      REQUESTS BY THIRD PARTIES**

A.      If a Receiving Party is subpoenaed in another action, served with a demand in another action to which it is a party, or served with any legal process by a third party seeking documents and other information produced by a Disclosing Party, the Receiving Party shall promptly inform the Disclosing Party in writing and shall object to the production of such documents and other information to the extent permitted by law.  Should the person seeking access to the documents and other information take action against the Receiving Party or anyone else covered by the Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of the Order and shall cooperate with the Disclosing Party so that the Disclosing Party can appear and object to any production.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by the Order to challenge or appeal any order issued under the circumstances of this paragraph requiring production of documents and information covered by the Order, or to subject itself to any penalties for noncompliance with any legal process or order.

CC 1725964v5

## VII.   NO WAIVER

A.   Producing or receiving documents and other information or otherwise acting in accordance with the Order, shall not:

1.   operate as an admission by any party that any particular documents or other information comprise or reflect trade secrets, proprietary information or any other type of confidential information;

2.   operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular documents or other information.  However, the party seeking additional protection from the Court shall have the burden of establishing that it is entitled to such additional protection;

3.   prejudice or waive in any way the rights of the parties to object to the production of documents they consider not subject to discovery for any reason other than the confidentiality of the documents;

4.   prejudice or waive in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to the Order,

5.   prejudice or waive in any way the rights of a party to seek determination whether any documents or information should or should not be subject to the terms of the Order;

6.   prejudice or waive in any way the rights of a party to petition for a further protective order relating to any purportedly confidential documents or information; or

7.   prejudice or waive in any way any claim or defense with respect to the proceeding.

## VIII.  INADVERTENT PRODUCTION

A.   The inadvertent production of any privileged or otherwise protected or exempted information (collectively "privileged") shall not be deemed a waiver or impairment of any claim of privilege or protection, including without limitation the attorney-client privilege, the attorney work product immunity or the confidential nature of any document or information produced inadvertently.  The Disclosing Party shall notify the Receiving Party promptly in writing upon discovering that a privileged document has been produced inadvertently.  Upon receiving written notice from the Disclosing Party that privileged or confidential information and/or material containing attorney work product has been produced

CC 1725964v5

inadvertently, the Receiving Party shall return all such materials to the Disclosing Party within five business days of receipt of such notice, or retain two copies of the document and promptly challenge the privilege claim with the Court. The Receiving Party may not challenge the privilege claim by arguing that the inadvertent production waived the privilege. Any analyses, memoranda or notes generated by the Receiving Party based upon such inadvertently produced information shall be destroyed or, if the Receiving Party challenges the privilege claim, set aside until the Court resolves the challenge. If the Court concludes the privilege claim is valid, the privileged document and any analyses, memorandum or notes generated by the Receiving Party relating to the privileged document shall be destroyed within three (3) days of the Court's decision on the privilege claim.

## IX.    NOTICE

A.    Notification to the parties pursuant to this Order shall be made by written notice to:

Peter F. Daniel
Lathrop & Gage, L.C.
2345 Grand Ave, Suite 2400
Kansas City, Missouri 64108
816-460-5702
816-292-2001 (Fax)
pdaniel@lathropgage.com
Attorneys for Plaintiff MGPI

Andrew Rudge
Williams & Connolly
725 12th Street N.W.
Washington, DC  20005
(202) 434-5254
(202) 434-5029
arudge@wc.com
Attorneys for Mars, Inc./S&M NuTech, Inc.

X.      **TERMINATION OF DISPUTE**

     A.      Within 60 days of the final disposition of the claims, whether by settlement, or

         final judgment not subject to any further appeal the attorney of record:

         1.      shall destroy or return to the Disclosing Party, or its attorneys of record, the documents and other information produced by the Disclosing Party in their possession, custody or control;

         2.      shall make reasonable efforts to ensure that all the documents and other information in the possession, custody or control of any non-party witnesses or other individuals (including persons employed by the Receiving Party) are destroyed or returned to the Disclosing Party or its attorneys of record;

         3.      shall destroy all notes, memoranda or other documents which contain excerpts from any of the documents or other information;

         4.      shall inform the Disclosing Party or its attorneys of record in writing that the Receiving Party has complied with the terms of this paragraph;

         5.      may retain in its files a copy of all papers and documents submitted to the Court in connection with this proceeding, as well as transcripts and attorney work product containing HIGHLY CONFIDENTIAL information, provided that the attorneys of record shall not disclose any such documents and other information to any person or entity except pursuant to a written agreement with the Disclosing Party; and

         6.      all documents and other information returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

XI.     **MODIFICATION**

     A.      Each of the parties hereto is entitled to seek modification of the Order by written

         agreement, by mutual agreement on the record or by application to the Court on

         notice to the other party hereto for good cause.

XII.    **CONTINUING OBLIGATION**

     A.      The obligations of confidentiality set forth in this Order shall continue in effect

         after the termination of this lawsuit, including exhaustion of all actions to affirm

         or reverse a judgment or order and the rights and obligations hereunder shall be

         binding upon each party, its successors and assigns.

CC 1725964v5

IT IS SO ORDERED this 5th day of March 2007.

s/ David J. Waxse
David J. Waxse

U.S. Magistrate Judge

CC 1725964v5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MGP INGREDIENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-2318 JWL |
| | ) | |
| | ) | |
| MARS, INCORPORATED, AND | ) | |
| S&M NUTEC, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT A TO CONFIDENTIALITY AGREEMENT AND PROPOSED
PROTECTIVE ORDER:  UNDERTAKING REGARDING HIGHLY CONFIDENTIAL,
MATERIAL**

I, _____ have read the Court' Protective Order ("Order") governing the

production of HIGHLY CONFIDENTIAL documents in the above-referenced proceeding,

understand the same, and agree to be bound by its terms. I agree not to use or permit the use of

any data or information obtained pursuant to this Undertaking, or to use or permit the use of any

information obtained as a result of receiving such data or information, for any purposes other

than the preparation and presentation of evidence and argument in this proceeding or any judicial

review proceedings taken or filed in connection therewith. I further agree not to disclose any data

or information obtained under this Order to any person except as permitted by the terms of the

Order.

I understand and agree that money damages would not be a sufficient remedy for breach

of this Undertaking and that the parties producing documents and other information in

connection with this proceeding shall be entitled to specific performance and injunctive or other

equitable relief as a remedy for any such breach. I further agree to waive any requirement for

securing or posting of any bond in connection with such remedy. Such remedy shall not be

deemed to be the exclusive remedy for breach of this Undertaking but shall be in addition to all remedies available at law or equity.

Dated: _____          _____

CC 1725964v5