DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MGP INGREDIENTS, INC.,**

          **Plaintiff,**

                                                    **CIVIL ACTION**

**v.**

                                                    **No. 06-2318-JWL-DJW**

**MARS, INCORPORATED, et al.,**

          **Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint

Under Seal (doc. 53).  Plaintiff's motion is twofold.  First, it requests leave to file an amended

complaint.  Second, it requests permission to file the amended complaint under seal.

Plaintiff's request to amend is unopposed and is timely under the schedule set forth in the

Scheduling Order.  Furthermore, Rule 15(a) of the Federal Rules of Civil Procedure dictates that

leave to amend is to be "freely given when justice so requires."  Accordingly, the Court will grant

Plaintiff leave to amend its complaint.

Plaintiff's request to file the amended complaint under seal is also unopposed.  The fact that

it is unopposed, however, is not sufficient to justify its filing under seal.

It is well settled that federal courts recognize a common-law right of access to judicial

records.[1]  This right derives from the public's interest "in understanding disputes that are presented

---

[1]*Hatfield v. Price Mgmt. Co.,* No. 04-2563-JWL-DJW, 2005 WL 375665, at*1(D. Kan. Feb.
16, 2005); *Worford v. City of Topeka,* No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17,
2004) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978); *Crystal
Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Stapp v. Overnite Transp. Co.*, No.
96-2320-GTV,1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998)).

to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[2]  This public right of access, however, is not absolute.[3]  As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion.[4]  In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof.[5]  Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."[6]

In keeping with "the paramount right of public access," this Court requires a party moving for permission to file a particular document under seal to demonstrate a public or private harm that is sufficient to justify the sealing of the document.[7]  The fact that the parties have agreed that a document should be filed under seal is not sufficient; the party seeking to file a document under seal must establish a harm sufficient to overcome the public's right of access to judicial records.[8]

In this case, Plaintiff has failed to articulate any facts upon which the Court may base a finding of a public or private harm that would overcome the public's right of access.  The only

---

[2] *Worford*, 2004 WL316073, at *1 (citing *Crystal Grower's Corp.*, 616 F.2d at 461).

[3] *Id.* (citing *Stapp*,1998 WL 229538, at *1).

[4] *Id.* (citing *Stapp*,1998 WL 229538, at *1).

[5] *Id.* (citing *Stapp,* 1998 WL 229538, at *1 (citations omitted)).

[6] *Id*. (citing *Stapp*, 1998 WL 229538, at *1).

[7] *Hatfield*, 2005 WL 375665, at *1; *Holland v. GMAC Mortg. Corp*, No. 03-2666-CM*,* 2004 WL 1534179, at *1-2 (D. Kan. June 30, 2004); *Worford*, 2004 WL 316073 at *1.

[8] *Holland,* 2004 WL 1534179 at *2; *Worford*, 2004 WL 316073 at *1.

support for Plaintiff's request is the following statement: "Due to the sensitive confidential nature of some of the pleadings, [Plaintiff] seeks leave to provide the First Amended Complaint under seal."[9]

In light of the above, the Court will deny Plaintiff's request to file the amended complaint under seal. The Court's denial is, however, *without prejudice* to Plaintiff refiling a motion that meets the standards set forth above.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint Under Seal (doc. 53) is granted to the extent Plaintiff seeks leave to amend its complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint Under Seal (doc. 53) is denied, without prejudice, to the extent Plaintiff seeks leave to file the amended complaint under seal.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 5th day of March 2007.

David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

---

[9]Pl.'s Motion (doc. 35) at 2.

3