DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MGP INGREDIENTS, INC.,

                **Plaintiff,**

                                  **CIVIL ACTION**

**v.**

                                **No. 06-2318-JWL-DJW**

MARS, INCORPORATED, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion for Protective Order (doc. 33) and Defendants' Motion for Protective Order (doc. 35), which are essentially cross-motions for protective orders limiting the disclosure of trade secrets and other confidential information. On March 2, 2007, the Court entered a "text entry" order (doc. 55), granting Plaintiff's motion and denying Defendants' motion. On March 5, 2007, the Court entered Plaintiff's proposed protective order (doc. 56). This Memorandum and Order will set forth the Court's analysis and reasoning in deciding the cross-motions.

## I.    Background Information

This lawsuit involves the Greenies® chew for dogs, which has been sold for years by Defendant S&M NuTec LLC ("SMN") using, until recently, a formulation containing confidential ingredients supplied by Plaintiff MGP Ingredients, Inc. In April of 2006, defendant Mars, Incorporated ("Mars") acquired SMN. Plaintiff alleges that Mars destroyed the relationship between SMN and Plaintiff by treating the agreements between them as unenforceable and by marketing an improved Greenies® dog chew using a purportedly "totally new" Mars formulation. Plaintiff alleges

that, in doing so, Mars infringed upon Plaintiff's Greenies® formulation patent and misappropriated Plaintiff's trade secrets.

The parties agree that a protective order is appropriate, as discovery in this case will involve the exchange of trade secrets and other proprietary information.  Discovery will likely include the disclosure of the formulation and process of manufacture for the current Greenies® dog chew and other products, as well as related draft and pending patent applications, research and development work, confidential contracts with suppliers, and closely-held financial analyses.

## II.     The Protective Order Provisions at Issue

The parties have conferred in good faith regarding the terms of a joint protective order, and they have agreed to most terms.  They disagree, however, as to two important provisions.  First, the parties disagree as to who will be granted access to the trade secrets and other confidential information that is the subject of the proposed protective orders.  Plaintiff has proposed a single-tiered order that grants any of the "persons employed by the parties who have responsibility for this lawsuit" access to the confidential information.

Defendants, on the other hand, have proposed a two-tiered system, which distinguishes between "confidential" and "highly confidential" information and which is more restrictive than Plaintiff's proposal in terms of who may review the information.  Under Defendants' proposal, "confidential information" may be disclosed only to (1) the parties' outside counsel, (2) experts and consultants retained by each party for purposes of the lawsuit; and (3) three in-house attorneys or patent agents designated by each party to receive confidential information.  In contrast, "highly confidential" information may be disclosed only to the parties' outside counsel and retained experts

2

and consultants.  The designated in-house attorneys or patent agents would be denied access to any highly confidential information.

Second, the parties disagree regarding a provision relating to disclosure of either confidential or highly-confidential information to the retained experts and consultants.  Defendants' proposed order contains a provision that would require a party to (1) identify any expert or consultant to whom the party wishes to disclose any confidential or highly confidential information, and (2) obtain the other party's agreement before the disclosure may be made.  The disclosing party would be required to provide to the opposing party not only the person's name, but also his/her "professional address and/or affiliation . . . , an up-to-date curriculum vitae, any prior or current employments or consultancies for any party or other company in the pet food or extruded foods industries within the last four years, and a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years."  If a party objects to the particular expert or consultant being provided the information, the party may file a motion seeking review with the Court.

## III.     The Standard for Issuing a Protective Order

Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[1]  Consequently, the decision whether to enter a protective order and the appropriate safeguards that should attend the disclosure of trade secrets by means of a protective order are matters within the sound discretion

---

[1]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

of the court.[2]  Federal Rule of Civil Procedure 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."[3]

The party seeking a protective order has the burden to show good cause for it.[4]  To establish good cause, that party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[5]

## IV.  Discussion

### A.  Defendants' Proposed Two-Tiered System

#### 1.  *The parties' positions*

Plaintiff contends that Defendants' two-tiered proposal is unworkable and prejudicial. Plaintiff asserts that the manufacture of pet treats from grain-based resins is a highly specialized field and that Plaintiff has devoted many years and a tremendous amount of resources in developing its in-house expertise.  It contends that outside counsel, who do not have the background working in the field, simply do not have the technical and scientific expertise that the parties' in-house

---

[2]*Procter & Gamble Co. v. Haugen*, 222 F.3d 1262, 126, n.1 (10th Cir. 2000).

[3]Fed. R. Civ. P. 26(c)(7).

[4]*Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)

[5]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

scientists possess, and the parties risk losing valuable information because their outside counsel may not understand, or recognize the importance of, the highly confidential information.

Defendants, on the other hand, argue that the two-tiered system is crucial to protecting Defendants' highly confidential and trade secret information because Plaintiff is a competitor of Defendants, and disclosing highly confidential information to Plaintiff's employees, including their in-house scientists, creates a real risk of Plaintiff obtaining an unfair business advantage.

Plaintiff disputes Defendants' contention that Plaintiff is a competitor. Plaintiff distinguishes itself as merely a manufacturer of ingredients that other companies use in pet food products. It asserts that it does not market a finished product, as Defendants' competitors do.

2.    *Analysis*

The Court holds that Defendants have not shown good cause for the two-tiered system they propose. The Court is not convinced that Plaintiff is a direct competitor of Defendants. Furthermore, the Court finds that Defendants' two-tiered system may hamper Plaintiffs' ability to assess the merits of this litigation. It is likely that Plaintiff will be prejudiced if its in-house scientists cannot have access to the confidential and highly confidential information disclosed by Defendants in this case. Plaintiff must be able to rely on its in-house scientists to help direct the litigation, devise legal strategy, and provide assistance to Plaintiff's outside counsel. Given the technical nature of this case, the advice of Plaintiff's in-house scientists with specialized knowledge of the industry could be essential to the proper handling of this litigation by outside counsel.

In light of the above, the Court rejects the two-tiered system proposed by Defendants.

**B.**     **Identification of Experts and the Opposing Party's Right to Object**

  *1.*     *The parties' positions*

Plaintiff also objects to Defendants' proposed provision that would require the parties to identify any expert or consultant to whom it wishes to disclose confidential or highly confidential information and to obtain the other party's agreement to the disclosure to the expert/consultant prior to making the disclosure. Plaintiff contends that requiring it to obtain Defendants' approval of an expert or consultant prior to disclosure is inconsistent with the Federal Rules of Civil Procedure governing expert discovery, as well as inconsistent with the adversarial nature of the litigation process.

Plaintiff also maintains that the requirement is wholly unnecessary because any concerns regarding the expert/consultant's position as a competitor and his/her potential commercial use of Defendants' confidential information will be effectively addressed by the provision in Plaintiff's proposed order requiring the expert/consultant to sign an agreement to abide  by the terms of the protective order, i.e., agreeing to hold the information in strict confidence and to refrain from using it for any purpose other than this lawsuit.

Defendants contend that the proposed provision is necessary because any expert or consultant chosen by Plaintiff is likely to be affiliated with one of Defendants' direct competitors. Defendants argue that they must have the ability to assert an objection prior to Plaintiff disclosing any confidential information to such an expert or consultant, because once the confidential information is disclosed to a competitor, the damage to Defendants' interests is complete and cannot be undone.  To address Plaintiff's concerns that the provision conflicts with the rules regarding

discovery of experts, Defendants indicate that they are willing to agree that the identification of an expert or consultant does not, in and of itself, give the opposing party a right to depose that person.

        *2.*    *Analysis*

By the express language of its opening sentence, Rule 26(b)(4)(B) prohibits discovery of facts and opinions held by experts who are not expected to be called as witnesses at trial.  Although Rule 26(b)(4)(B) does not expressly address the disclosure of a non-testifying expert's *identity*, the Tenth Circuit has held that the Rule prohibits disclosure of "the identity, and other collateral information" concerning any non-testimonial expert who is retained or specially employed in anticipation of litigation.[6]  If a party seeks disclosure of the non-testimonial expert's identity and other related information, it must make "a showing of exceptional circumstances under which it is impracticable for . . . [it] to obtain facts or opinions on the same subject by other means."[7]  The party seeking disclosure "carries a heavy burden" in demonstrating the existence of exceptional circumstances.[8]

The Court cannot find that Defendants have met their heavy burden to show exceptional circumstances.  The Court finds that the forced disclosure of the identities of a party's non-testifying experts and consultants represents an unwarranted intrusion into the party's litigation strategy and would provide the opposing party with an unjust advantage.  In short, the Court holds that Defendants' proposal has the potential to subvert the principle of fairness underlying Rule

---

[6] *Ager v. Jane C. Stormont Hosp. & Training School for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980).

[7] *Id.*

[8] *Id.* (quoting *Hoover v. U.S. Dep't of Interior*, 611 F.2d 1132, 1142 n. 13 (5th Cir. 1980)).

26(b)(4)(B).  Moreover, the Court is not convinced that Defendants' proposal to add a provision indicating that Defendant would not have a right to depose any such identified expert or consultant remedies these problems.

Even if the Court were to allow an opposing party to learn the *identities* of a party's non-testifying experts and consultants so that the opposing party can determine whether the expert/consultant poses a risk because he/she is affiliated with a direct competitor, the Court fails to see how the disclosure of the expert's/consultant's "up-to-date curriculum vitae, any prior or current employments or consultancies for any party or other company in the pet food or extruded foods industries within the last four years, and a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years" — as required by Defendants' proposed protective order — is relevant or necessary.  Such information bears little or no relationship to whether the expert/consultant poses the risk of divulging confidential information to a competitor.

In light of the foregoing, the Court must reject Defendants' proposed protective order provision requiring the identification of non-testifying experts and consultants and the requirement that a party obtain the other party's agreement to a particular expert/consultant before the information may be disclosed.

**V.     Conclusion**

The Court has wide latitude in framing the terms of a protective order to protect against disclosure of trade secrets and other proprietary information.  For the reasons set forth above, the Court, in its discretion, declines to enter the proposed protective order submitted by Defendants. The Court is mindful that the goals of full disclosure of relevant information and reasonable

protection against economic injury "are in tension and each must be fairly balanced against the other."[9]   Here, the Court finds that the balance weighs in favor of Plaintiff's proposed protective order.

The above findings and reasoning support the Court's March 2, 2007 Order (doc. 55) granting Plaintiff's Motion for Protective Order (doc. 33) and denying Defendants' Motion for Protective Order (doc. 35), and the Court has entered Plaintiff's version of the protective order (*see* doc. 56).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 8th day of March 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

---

[9]*E. I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 219 U.S.P.Q 37, 38 (D. Del. 1982).