**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MGP INGREDIENTS, INC., a Kansas Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Electronically Filed |
| vs. | ) ) | Case No. 06-2318 JWL-DJW |
| MARS, INCORPORATED, a Delaware Corporation, | ) ) ) | |
| and | ) ) | |
| S&M NUTEC, LLC, a Missouri Limited Liability Company, | ) ) ) | |
| Defendants. | ) ) | |

---

## DECLARATION OF AARON P. MAURER

I, Aaron P. Maurer, the undersigned, declare:

1.     I am a member of the law firm of Williams & Connolly LLP, which represents defendants Mars, Incorporated ("Mars") and S&M Nutec, LLC ("SMN") (collectively "Defendants") in the above-captioned matter.  I submit this declaration in support of Defendants' Opposition to Plaintiff MGP Ingredients, Inc.'s ("MGPI's") Motion to Compel ("Motion").

2.     Defendants have produced to-date over 38,000 pages of documents responsive to Plaintiff's document requests or Defendants' disclosure obligations, accompanied by a database load file setting forth the associated document breaks and a privilege log identifying responsive documents as to which Defendants are asserting privilege together with information to enable Plaintiff to assess the validity of such assertions.

3.     On November 27, 2006, the Court in the above-captioned matter entered a Scheduling Order setting forth a Rule 26 disclosure date of January 15, 2007 for production or inspection of documents.

4.     Thereafter, Defendants collected hard-copy and electronically-stored documents from employees of Defendants identified as likely to have relevant information.  These employees were located in, *inter alia*, Los Angeles, California, Toronto, Ontario, Kansas City, Missouri, and Nashville, Tennessee.  The rough volume of the number of pages of information collected was in the hundreds of thousands of pages.

5.     Efforts were made to collect hardcopy documents in the manner kept by the employees.  Folders, files, notebooks, stapled, clipped or loose pages were placed into boxes as they existed in each employee's file, in the order found, and each box (or file as appropriate) was labeled with source information.

6.     The boxes of hardcopy documents were then sent to a vendor, Xact, who scanned the documents into electronic form as they were found and provided the electronic images in single-page .tiff format, with the appropriate document break and source information, to Williams & Connolly LLP.

7.     The pages were loaded as images into an electronic database, and subsequently reviewed for responsiveness for initial disclosure purposes, privilege, and confidentiality level.  Responsive and non-privileged documents were so marked, and labeled with a Bates-number, confidentiality designation, and produced to Plaintiff.  It was counsel's intention during this process that the order of documents reviewed and produced be maintained substantially as found in each employee's files, and it is counsel's belief that this was done.

8.      Documents within a custodian's files were not intentionally shuffled, mixed or otherwise intentionally changed in order.

9.      Electronically-stored documents were collected by an electronic discovery vendor retained by Defendants, named Forensic Consulting Services ("FCS").

10.     FCS made copies of relevant hard-drives, network folders, and email mailbox files for relevant employees, totaling 18.5 gigabytes of information.  Subsequently, the collected information was loaded onto a FCS database and searched pursuant to a search terms designed to return files relevant to the issues in this case.  The resulting documents were then converted into single-page .tiff files and provided to Counsel.

11.     The Electronically Stored Information ("ESI") consisting of non-email based electronic information collected by FCS was provided to Williams & Connolly LLP arranged by custodian, by directory within the custodian's files, then by subdirectory, then by file name.

12.     The ESI consisting of email based electronic information collected by FCS was provided to Williams & Connolly LLP arranged by custodian and then in chronological order as found in the custodian's mailbox.  To the extent an email had an attachment, attempts were made to ensure such attachments were provided directly behind the email containing the attachment.

13.     The ESI provided to Williams & Connolly LLP was loaded as images into an electronic database in the order provided, and subsequently reviewed for responsiveness for initial disclosure purposes, privilege, and confidentiality level.  Responsive and non-privileged documents were so marked, and labeled with a Bates-number, confidentiality designation, and produced to Plaintiff.  It was counsel's intention during this process that the order of documents reviewed and produced be maintained substantially as found in each employee's ESI files, and it is counsel's belief that this was done.

14.     Documents within a custodian's ESI files were not shuffled, mixed or otherwise intentionally changed in order.

15.     Contemporaneously with the execution of this Declaration, Counsel for Defendants has transmitted to Counsel for Plaintiff a list of ESI files produced to-date, with production number, filepath and source information.

16.     Counsel for Defendants received Plaintiff's first requests for production via email at approximately 5:50 pm on Friday, January 5, 2007.

17.     After completing Defendants' initial disclosure production, counsel for Defendants then undertook to search for in the existing document databases documents responsive to Plaintiff's first requests for production.

18.     Additionally, files of additional employees of Defendants not previously collected were collected and reviewed, substantially in the manner as discussed above.

19.     On February 24, 2007, Defendants produced to Plaintiff the additional documents that had been identified in response to Plaintiff's requests for production as set forth above, Bates numbered GR0027719 – GR0038156.  Counsel did not re-produce to Plaintiff responsive documents previously identified and produced as initial disclosure documents.

20.     Documents in this case were provided in single-page .tiff format pursuant to a conversation between counsel for Defendants and counsel for Plaintiff prior to the production of any documents.

I declare under penalty of perjury that the foregoing is true and correct based on my knowledge, information, and belief, and that this declaration was executed on March 23, 2007 in Washington, D.C.

Aaron P. Maurer