DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MGP INGREDIENTS, INC.,**

           **Plaintiff,**

                                    **CIVIL ACTION**

v.

                                    **No. 06-2318-JWL-DJW**

**MARS, INCORPORATED, et al.,**

           **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel (doc. 61). Plaintiff has served twenty-eight requests for production of documents on Defendant S&M Nutec LLC ("SMN") and twenty-six requests for production of documents on Defendant Mars, Inc. ("Mars") (collectively "Defendants"). In response to those requests, Defendants have produced thousands of documents (some of which are electronically stored documents), totaling approximately 48,000 pages. Plaintiff moves the Court for an order requiring Defendants to relate the Bates Numbers of those documents to each of the document requests. For the reasons set forth below, the Court will deny the Motion.

**I.    Background and Factual Information**

This is an action involving the Greenies® chew for dogs in which Plaintiff asserts claims for patent infringement, misappropriation of trade secrets, tortious interference, and breach of contract. Plaintiff served the requests at issue on Defendants on January 5, 2007. Defendants served written responses and objections to the requests on February 7, 2007. The written responses indicated that Defendants would produce all responsive non-privileged documents to the extent they existed and to the extent they were in Defendants' possession. No documents were provided contemporaneous with the written responses.

On February 16, 2007, counsel for the parties conferred regarding Defendants' responses. Defense counsel explained that Defendants had already produced approximately 30,000 pages of documents as part of their Rule 26(a)(1) disclosures and that those documents were responsive to the requests. Then, on February 24, 2007, Defendants produced to Plaintiff additional documents, which Defendants had determined were also responsive to the Requests for Production. Those documents were Bates Numbered GR0027719-GR0038156 and were contained on a CD. A letter from Defendants' counsel that accompanied the CD indicated that the documents were produced "as kept in the ordinary course of business."[1] The letter set forth a chart identifying certain sets of documents. For each set of documents, the chart identified the range of Bates Numbers and the "source" of the documents. The "source" included the name of the person from whom the documents were obtained, whether the documents were maintained in hard copy or electronically, and which particular Defendant had produced the documents.

Defense counsel's letter further indicated that Defendants' review was ongoing and that they would produce additional documents as they were located. Since that time, Defendants have produced additional documents responsive to the requests, all of which have been stamped with Bates Numbers. As the Court can best determine, Defendants made their final production of documents responsive to the requests on March 30, 2007.

In a March 2, 2007 letter to Plaintiff's counsel, defense counsel reiterated that the documents produced in response to the requests for production were produced in the form that they existed when they were collected, i.e., that they were produced in the same order and grouping in which they

---

[1] *See* 2/24/2007 Letter from Defs.' counsel to Pl.'s counsel, attached as Ex. 5 to Pl.s' Mot. to Compel.

were collected from the various employees of Defendants. Furthermore, the particular employee from whose file the document was retrieved was identified for Plaintiff. The letter also stated that any electronically stored information ("ESI") produced to Plaintiff was collected and produced as kept in the ordinary course of business.

As noted above, Defendants had already produced—in connection with their Rule 26(a)(1) disclosures—30,000 pages of documents that Defendants maintain are responsive to Plaintiff's requests for production. Defendants explain in their opposition to the Motion to Compel that the production of those documents was made electronically, in single-page .tiff format and with a "load file" that allowed Plaintiff to load the production on a database with document break information, a format that defense counsel had previously discussed with Plaintiff's counsel and to which Plaintiff's counsel did not object. The hard copy documents were collected from the custodians as they were maintained by the custodians, and were then converted into electronic form and downloaded to a CD with the appropriate document break and source information. At the time Defendants provided the CD to Plaintiff, they also provided a list of the document custodians and the range of Bates numbers for each custodian's set of documents. Although the documents were not necessarily grouped by topics or in chronological order, each custodian's documents were produced in the manner that they existed when collected.

Another portion of Defendants' Rule 26(a)(1) production consisted of ESI, some of which were e-mail messages. Those e-mail messages were arranged by custodian and then placed in chronological order as found in the custodian's e-mail mailbox. If an e-mail had an attachment, the attachment was provided directly behind the appropriate e-mail. The remainder of the ESI produced

to Plaintiff, i.e., non-email ESI, was provided arranged by custodian, and further arranged by directory within the custodian's files, then by subdirectory, and then by file name.

The Rule 26(a)(1) production also included a CD marked with Bates Number GR 0027718, which included a file in MS Excel format containing resin production and injection molding manufacturing information. Finally, a group of documents labeled "Patent Files" was also produced.

Defendants later identified for Plaintiff which files were electronically-sourced and which were hard copy-sourced.

## II.    Discussion

Although Defendants asserted at the time they made their disclosures and document productions that they were producing their ESI and hard-copy documents as they were kept in the usual course of business, Plaintiff apparently believed that it did not possess sufficient information to make that determination. Now that Defendants have more thoroughly explained the manner in which they collected and produced their ESI and hard-copy documents, Plaintiff apparently no longer disputes Defendants' contention that they produced their ESI and hard-copy documents as they were kept in the usual course of business.[2]

Thus, in its reply brief, Plaintiff frames the issue before the Court as follows: Notwithstanding the fact that ESI and documents are produced as kept in the usual course of business, is a production acceptable under Federal Rule of Civil Procedure 34 where: (1) the ESI and documents are not categorized by topic or related to a specific request for production, and are not kept in

---

[2]Even if Plaintiff were to continue to dispute whether the documents were produced as "kept in the usual course of business," the Court finds that Defendants have submitted sufficient evidence upon which the Court can determine that Defendants did in fact produce the documents and ESI as kept in the usual course of business.

chronological order by the original custodian; and (2) the production creates a burden on the party seeking the discovery to determine which documents are responsive to which request?[3]

Plaintiff contends that because Defendants have not identified by Bates Numbers the particular documents that are responsive to each of Plaintiff's requests for production, Plaintiff faces "a huge burden" in trying locate and understand Defendant's documents. Plaintiff argues that although "[t]he custodians may not have 'shuffled' each of their own files, . . . it creates the same problem for [Plaintiff] when it is faced with a 48,000 page haystack and no guidance where to look for a few needles."[4] Plaintiff therefore asks that the Court enter an order requiring Defendants to identify by Bates Numbers the particular documents and ESI that are responsive to each of Plaintiff's request for production.

### A.     Federal Rule of Civil Procedure 34

Federal Rule of Civil Procedure 34 governs the production of documents and ESI, and is therefore the starting place for the Court's discussion. Subsection (b) of Rule 34 requires that the request set forth, either by individual item or by category, the documents or items to be inspected or produced, and that each item or category should be described with reasonable particularity. In addition, subsection (b) states that the request "may specify the form or forms in which electronically stored information is to be produced."[5]

Subsection (b) also deals with responses to the requests for production. It provides:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request.  . . . .   The response shall state, with respect

---

[3]Pl.'s Reply in Supp. of Mot. to Compel (doc. 77) at p. 11.

[4]*Id.* at p. 3.

[5]Fed. R. Civ. P. 34(b).

5

to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for the objection. . . . . If objection is made to the requested form or forms for producing electronically stored information—or if no form was specified in the request—the responding party must state the form or forms it intends to use.[6]

Finally, subsection (i) of Rule 34(b) provides that "[u]nless the parties otherwise agree, or the court otherwise orders . . . a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request . . . ."[7]

### B.    Application of Rule 34(b)

The Court finds subsection (i) of Rule 34(b) to be controlling here.  Subsection (i) makes it very clear that the producing party must either produce the documents as they are kept in the usual course of business *or* organize and label them to correspond with the categories in the request.  The Rule is phrased in the disjunctive, and the producing party may choose either of the two methods for producing the documents.[8]  If the producing party produces documents in the order in which

---

[6]*Id.*

[7]Fed. R. Civ. P. 34(b)(i).

[8]*See Pamlab, L.L.C. v. Rite Aid Corp.*, No. Civ. A. 04-1115-DJB-SS, 2005 WL 1588238, at *1-2 (E.D. La. June 27, 2005) (producing party has the right to choose between the two production formats authorized by Rule 34(b)); *In re Adelphia Commc'ns Corp.*, 338 B.R. 546, 553 (Bankr. S.D. N.Y. 2005) ("Rule 34(b) gives the producing party the option of labeling and organizing the documents or giving the discovering party access in the usual course of business," and, thus, producing party retains right to choose between the two production formats); *In re G-I Holdings Inc.*, 218 F.R.D. 428, 439 (D. N.J. 2003) ("The plain phrasing of Rule 34(b) reveals that the producing party has the option of presenting information in one of two ways."); *Rowlin v. Al. Dep't of Pub. Safety*, 200 F.R.D. 459, 462 (M.D. Ala. 2001) (Rule 34(b) leaves it to producing party to decide which of the two ways it will produce its records, so long as the records have not been maintained in bad faith); *see also* 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2213 at p. 431-32 (2d ed. 1994) ("[T]he producing party should retain the right to choose between the [two] production formats authorized by Rule 34(b) . . . .").

6

they are kept in the usual course of business, the Rule imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive.[9]

Moreover, imposing such a duty could result in undue burden on the producing party. Legal Commentators Wright and Miller have observed:

> Requiring further that these requested documents be segregated according to the requests would impose a difficult and usually unnecessary additional burden on the producing party. The categories are devised by the propounding party and often overlap or are elastic, so that the producing party might be compelled to decide which best suits each item in order to consign it to the proper batch. Such an undertaking would usually not serve any substantial purpose, and it could become quite burdensome if considerable numbers of documents were involved.[10]

While the Court recognizes that Plaintiff now faces the formidable task of having to determine which documents are responsive to each particular request, Plaintiff was the party who formulated the requests in the manner it did and Plaintiff must take responsibility for undertaking the task of determining which documents relate to each set of its twenty-some requests. Plaintiff might have avoided this task by relying on a provision of Rule 34(b) which allows the parties, prior to production, to "otherwise agree" as to the manner in which the documents will be produced.[11] In other words, the parties may, by agreement, deviate from the rule requiring the responding party

---

[9]*3M Co. v. Kanbar*, No. C06-1225 JW (HRL), 2007 WL 1725448, at *2-3 (N. D. Cal. June 14, 2007) (indexing, categorizing, or labeling documents generally not required by Rule 34 if the documents have been produced as they are kept in the usual course of business); *Braun v. Agri-Systems*, No. F-02-6482 A WILJO, 2006 WL 278592, at *5 (E.D. Cal. Feb. 2, 2006) ("An index, whether of documents produced or those in existence . . . is not required under Rule 34."); *In re G-I Holdings*, 218 F.R.D. at 439 ("If the producing party produces documents in the order in which they were kept in the usual course of business, the Rule imposes no duty to organize and label the documents.").

[10]Wright, Miller, & Marcus, *supra* note 8, § 2213 at p. 431.

[11]Rule 34(b) expressly allows "the parties [to] otherwise agree" as to how the responding party shall produce the documents.

produce the documents (and any ESI)[12] as kept in the usual course of business or to organize and label them to correspond to the requests. Here, however, there apparently was no attempt to reach such an agreement prior to the production.

Rule 34(b) also contains a provision that would have allowed Plaintiff, prior to propounding its requests, to ask the Court for an order requiring Defendants to correlate the Bates Numbers of the documents produced to the particular requests for production. Rule 34(b) expressly provides that the Court may "otherwise order[]" the manner in which the documents are produced.[13] Plaintiff, however, made no such request of the Court prior to serving its requests.

As Plaintiff and Defendant had no prior agreement about the manner in which the documents and ESI were to be produced, and Plaintiff did not ask the Court to require Defendants to produce them in a different manner, Plaintiff is bound by Rule 34(b)(i). Consequently, Defendants had the right to choose the option of producing their documents and ESI as kept in the usual course of business. Defendants made that choice, and, thus, have satisfied their duty under Rule 34(b).

---

[12]The Advisory Committee Notes to the 2006 amendments to Rule 34 make it clear that the requirement that a party produce *documents* as they are kept in the usual course of business or organize and label them to correspond with the categories in the requests applies equally to *ESI*. The Advisory Committee Notes state:

> Rule 34(b) provides that a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the discovery request. The production of electronically stored information should be subject to comparable requirements to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party. Rule 34(b) is amended to ensure similar protection for electronically stored information.

Fed. R. Civ. P. 34 Advisory Committee's Note to 2006 amendments.

[13]Fed. R. Civ. P. 34(b).

Plaintiff has not provided the Court with any case law that would require the Court to impose a different duty on Defendants.

In sum, the Court finds no basis to expand Defendant's Rule 34(b) duty in this case, and the Court will decline to order Defendants to identify by Bates Numbers the documents and ESI that are responsive to each particular request for production. The Court therefore denies Plaintiff's Motion to Compel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (doc. 61) is denied.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses and fees incurred in connection with Plaintiff's Motion to Compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 15th day of October 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties