DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MGP INGREDIENTS, INC.,

Plaintiff,

CIVIL ACTION

v.

No. 06-2318-JWL-DJW

MARS, INCORPORATED, et al.,

Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Compel (doc. 78).  Defendants seek an order compelling Plaintiff to provide complete responses to Defendants' First Requests No. 1-6, 18-28, 30-33, and 38-48.

### I.      Background and Factual Information

This lawsuit involves the Greenies® chew for dogs, which has been sold for years by Defendant S&M NuTec LLC ("SMN").  Beginning in approximately 1998, Plaintiff manufactured and supplied the original formulation of the resin that was used by SMN in its original Greenies® chew.  In April 2006, Defendant Mars, Incorporated ("Mars") acquired SMN and developed a purportedly new formulation for the Greenies® chew ("Current Formulation").  Plaintiff alleges that the Current Formulation infringes on Plaintiff's patent, United States Patent No. 5,665,152.

Plaintiff sues SMN and Mars for patent infringement and misappropriation of trade secrets. In addition, Plaintiff sues SMN for breach of three business contracts that SMN entered into with Plaintiff:  (1) a Supply Agreement, (2) a Confidential Technology Development Agreement, and (3) a Confidentiality Agreement.  Plaintiff also sues Mars for tortiously interfering with the Supply Agreement.

II.     **Discussion**

A.      **Moot Issues**

Plaintiff represents in its response to the Motion to Compel that, with the exception of First Requests No. 2, 3, 26, 27, and 48, it has, through supplemental productions, produced the requested documents or identified responsive documents in a privilege log.  In addition, Plaintiff explains that Requests No. 2 and 3 are the subject of Defendants' April 3, 2007 Motion to Compel (doc. 73).  The Court recently found that motion to be moot due to Plaintiff's production of the requested documents.

Defendants state in their reply brief that Plaintiff has indicated it has no documents responsive to Request No. 48.  Defendants therefore address only First Requests No. 26 and 27 in their reply brief.[1]

In light of the above, the Court finds the instant Motion to Compel to be moot as to First Requests No. 1-6, 18-25, 30-33, and 38-48.  This leaves only First Requests No. 26 and 27 at issue in this motion.

B.      **First Requests No. 26 and 27**

1.      *The requests and objections at issue*

First Requests No. 26 and 27 relate to the agreements that Plaintiff claims SMN has breached.  First Request No. 26 seeks all documents "relating to the drafting of the October 7, 2005 Supply Agreement, Confidentiality Agreement, and Confidential Technology Development Agreement, including all internal and external communications."  First Request No. 27 seeks all

---

[1]After recognizing that Plaintiff has supplemented its responses, Defendants state that their reply "will focus on Document Request Nos. 26 and 27."  Defs.' Reply (doc. 103) at p.2, n.3.

documents "related to the interpretation of the terms 'Current Formulation,' 'Confidential Ingredients,' 'Greenies® Products,' and 'Purchased Formulations' as those terms are used in the October 7, 2005 Supply Agreement." Plaintiff objected to each request "because it does not seek information that is relevant or discoverable.'"

          2.     *Plaintiff's relevance objections*

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[3] Consequently, a request for discovery will be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[4] Furthermore, "[t]he touchstone of the relevancy of documents and information requested is not whether the discovery will result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'"[5]

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 615 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty,* 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[4] *Cardenas,* 230 F.R.D. at 615*, Owens*, 221 F.R.D. at 652; *Sheldon,* 204 F.R.D. at 690.

[5] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 646 (D. Kan. 2004) (quoting Fed. R. Civ. P. 26(b)(1)).

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure.[6] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[7]

The Court does not find the relevancy of the requested documents to be apparent from the face of these two requests. Thus, Defendants bear the burden to show how the requested documents are relevant. For the reasons set forth below, the Court finds that Defendants have met that burden.

Defendants represent that the parties disagree as to the scope of the various agreements and the meaning and interpretation of certain provisions in those agreements. In other words, Defendants contend that certain of the contract terms are ambiguous. It appears then that a request for documents which might shed light on the interpretation and drafting of the various agreements that form the basis of Plaintiff's breach of contract claims should be deemed relevant.[8]

The Court is not persuaded by Plaintiff's argument that the requested documents are irrelevant merely because Plaintiff asserts that the agreements are fully integrated and unambiguous, thereby prohibiting the introduction at trial of extrinsic evidence to construe the agreements.

---

[6]*Cardenas,* 230 F.R.D. at 615-16; *Owens,* 221 F.R.D. at 652; *Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2003).

[7]*Cardenas,* 230 F.R.D. at 616; *Owens,* 221 F.R.D. at 652; *Steil v. Humana Kan. City, Inc.,* 197 F.R.D. 442, 445 (D. Kan. 2000).

[8]It is well settled that where there is ambiguity in a written contract, extrinsic evidence, including the facts and circumstances surrounding the contract's execution, may be admitted to ascertain the intention of the parties as to the scope or meaning of various provisions of the agreement. *See, e.g., Mobile Acres, Inc. v. Kurata,* 211 Kan. 833, 839-40, 508 P.2d 889 (1973).

4

Plaintiff's position overlooks the crucial function of the discovery process and confuses admissibility with discoverability.  As noted above, information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Defendants are entitled to discovery regarding the drafting and interpretation of the subject contracts to explore their contention that certain terms of the agreements are ambiguous.  While the trial judge may later determine that the agreements are unambiguous and apply the parol evidence rule to exclude such evidence at trial,[9] that possibility should not prevent Defendants from conducting discovery on these issues.

The Court therefore overrules Plaintiff's objections that the documents sought in First Requests No 26 and 27 are irrelevant.

> 3.      *Plaintiff's objections that the documents are not "discoverable"*

As noted above, Plaintiff's objections are twofold, that is, the requests seek neither relevant nor "discoverable" information.  Plaintiff's response to the Motion to Compel does not elaborate on Plaintiff's "not discoverable" objection.  The Court finds that such a boilerplate objection does not satisfy the specificity requirement for objections.[10]  The Court therefore overrules this objection.

> 4.      *Ruling as to First Requests No. 26 and 27*

As the Court has overruled Plaintiff's objections, the Court will grant the Motion to Compel with respect to First Requests No. 26 and 27.  Plaintiff shall, within **fourteen (14) days** of the date

---

[9]Whether ambiguity exists in an instrument is a matter of law to be decided by the court.  *Id.* at 839.

[10]The party objecting to a discovery request has the burden to support its objection and to show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is objectionable.  *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. Civ.A. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005) (citations omitted).

of filing of this Order, produce all non-privileged documents responsive to these requests.  Also, if applicable, Plaintiff shall supplement its privilege log to identify any privileged documents responsive to these requests.

## III.    Award of Expenses and Fees

Federal Rule of Civil Procedure 37(a)(4) governs the award of fees and expenses in connection with motions to compel.  Subsection (a)(4)(C) allows a court to impose sanctions where, as here, a motion to compel is granted only in part.[11]  Under that rule, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[12]

Here, the Court does not find that the circumstances warrant the award of fees and expenses.  This is true for several reasons.  First, Defendants have not requested any such reward.  Second, the Court has found a significant portion of the Motion to Compel to be moot.  Finally, with respect to that portion of the Motion which the Court is granting, the Court finds that Plaintiff's relevancy objections, although overruled, were substantially justified.[13]  The Court therefore holds that each party should bear its own expenses and fees incurred in connection with the Motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (doc. 78) is moot as to Defendants' First Requests No. 1-6, 18-25, 30-33, and 38-48.

---

[11]*Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 635, 639 (D. Kan. 2005) (citing Fed. R. Civ. P. 37(a)(4)(C)).

[12]*Id.*

[13]A discovery objection or response is "substantially justified" within the meaning of Rule 37(a), if it is "justified to a degree that could satisfy a reasonable person," *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12  (1st Cir. 2005), or where "reasonable people could differ as to the appropriateness" of the objection or response.  *Doe v. Lexington-Fayette Urban County Gov't*, 407 F. 3d 755 (6th Cir. 2005).

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel (doc. 78) is granted as to Defendants' First Requests No. 26 and 27.  Within **fourteen (14) days** of the date of filing of this Order, Plaintiff shall produce all non-privileged documents responsive to First Requests No. 26 and 27 and shall, if applicable, supplement its privilege log to identify any privileged documents responsive to these requests.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses and fees incurred in connection with the Motion to Compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 30th day of October 2007.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and pro se parties