DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MGP INGREDIENTS, INC.,**

        **Plaintiff,**

                                              **CIVIL ACTION**

**v.**

                                              **No. 06-2318-JWL-DJW**

**MARS, INCORPORATED, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

        Pending before the Court is Defendants' Motion to Compel Further Responses to Defendants' Document Requests (doc. 109). Defendants seek an order compelling Plaintiff MGP Ingredients, Inc. (MGPI or Plaintiff) to provide complete responses to Defendants' First Set of Document Requests by producing all responsive documents in their custody and control, including documents maintained by their agents, attorneys, consultants, contractors, and any other entities from which Plaintiff has a legal right to obtain responsive documents. Defendants also request that they be awarded the attorney's fees and expenses they incurred in filing their motion.

        Plaintiff argues that the motion is untimely and should be denied on that basis. In the alternative, Plaintiff argues that it should be denied because Defendants fail to identify a specific document request that they claim was not adequately answered. Finally, Plaintiff contends that an award of fees and expenses is not appropriate.

        For the reasons set forth below, the Court deems Defendants' motion to be timely filed. The Court also finds that the motion has merit and that it should be granted. In addition, the Court finds an award of fees and expenses to be appropriate under Federal Rule of Civil Procedure 37(a)(4)(A).

## I.      Background Information

This lawsuit involves the Greenies® chew for dogs, which has been sold for years by Defendant S&M NuTec LLC (SMN).   Beginning in approximately 1998, Plaintiff manufactured and supplied the original formulation of the resin that was used by SMN in its Greenies® chew.  In April 2006, Defendant Mars, Incorporated (Mars) acquired SMN and developed a purportedly new formulation for the Greenies® chew.

Plaintiff sues SMN and Mars for patent infringement and misappropriation of trade secrets. Plaintiff also sues SMN for breach of three business contracts that SMN entered into with Plaintiff: a Supply Agreement, a Confidentiality Agreement, and a Confidential Technology Development Agreement (CTDA).  Additionally, Plaintiff sues Mars for tortious interference with those business contracts.

## II.     The Discovery at Issue

Defendants served their First Set of Document Requests on Plaintiff on January 26, 2007. The document requests contained the following instruction:

> This [set of] request[s] is for documents in your possession, custody, or control, including without limitation the possession, custody, or control of your agents, servants, and employees, your present and former attorneys, and any other person acting, or who has acted, on your behalf.[1]

Plaintiff served its written responses to the document requests on March 5, 2007.  Plaintiff responded to the above-cited instruction as follows:  "In responding to this instruction, MGPI states

---

[1]Defs.' First Set of Doc. Reqs., attached as Ex. 2 to Defs.' Mem. Supp. Mot. to Compel (doc. 110).

that it will act in full conformity with the requirements of Rules 26 and 34, F.R.Civ.P."[2]  Plaintiff produced no documents at the time it served its written responses on March 5, 2007.

On March 13, 2007, Plaintiff produced various responsive documents to Defendants and stated in a cover letter that it was working on a privilege log identifying the documents for which it claimed a privilege.  Plaintiff sent Defendants its privilege log on March 22, 2007.

Defendants believed the privilege log to be deficient in several respects, including the failure to identify any privileged documents from the attorneys who handled Plaintiff's patent matters.  By way of a letter dated March 30, 2007, Defendants pointed out this failure and other claimed deficiencies in the log and requested that Plaintiff rectify those deficiencies.  On April 5, 2007, defense counsel conferred with Plaintiff's counsel and reiterated its criticisms of the privilege log. Plaintiff's counsel stated that Plaintiff was considering whether and how to supplement the log, and, in particular, whether to supplement with respect to documents in the possession of its attorneys handling its patent matters.  Defendants' counsel indicated that he needed a definitive answer as soon as possible so that, if necessary, Defendants could seek judicial intervention within the required time period.

Attorneys for Plaintiff and Defendants conferred again on April 19, 2007.  During that conference, in response to questioning by Defendants' counsel, Plaintiff's counsel declined to confirm that Plaintiff had gathered and produced any responsive documents from its agents, attorneys, consultants, and contractors.  Plaintiff also declined to indicate whether it believed it had a duty under Federal Rule of Civil Procedure 34 to do so.

---

[2]Pl.'s Resp. to Defs. First Set of Doc. Reqs., attached as Ex. 1 to Defs.' Reply (doc. 125).

Defendants filed the instant Motion to Compel on May 11, 2007, which was twenty-two days after the parties' April 19, 2007 conference, but more than sixty days after Plaintiff served its initial written responses to the document requests. Plaintiff filed its opposition to the Motion to Compel on May 29, 2007.

## III.    Timeliness Issues

### A.        Timeliness of the Motion

Plaintiff contends that Defendants' Motion to Compel is untimely because it was not filed within thirty days of the date Plaintiff served its responses, as required by Rule 37.1 of the Court's Rules of Practice and Procedure.

D. Kan. Rule 37.1(b) sets the time limit for filing a motion to compel.[3] It provides:

> Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived.[4]

This rule clearly reflects that the triggering event is "the default or service of the response, answer, or objection which is the subject of the motion."[5] The judges in this district have construed

---

[3]Paragraph 3.f of the Scheduling Order entered in this case (doc. 29) incorporates D. Kan. Rule 37.1(b) and requires any motion to compel to be filed within thirty days of the default or service of the answer or objection at issue.

[4]D. Kan. Rule 37.1(b).

[5]*Mundy v. Indian Hills Country Club*, No. 06-2268-KHV-JPO, 2007 WL 852619, at *6 (D. Kan. Mar. 16, 2007).

4

the Rule to mean that the thirty-day time period begins to run "when specific information first leading to a dispute is discovered."[6]

In this case, there was no reason for Defendants to believe, at the time they received Plaintiff's initial March 5, 2007 responses, that Plaintiff had failed to gather and produce responsive documents from its agents, attorneys, or others from whom it had a legal right to obtain responsive documents. Thus, the court finds that the thirty-day period did not begin to run from the date the written responses were served. Instead, it began to run when Defendants *first learned* that Plaintiff had apparently not collected documents from those third parties, i.e., on April 19, 2007, the date of the attorneys' conference. As the motion was filed within thirty days of that conference, the Court holds that Defendants' motion was timely filed.

### B.     Timeliness of Plaintiff's Opposition Brief

Before turning to the merits of the Defendants' motion, the Court will address the timeliness of Plaintiff's opposition brief. As Defendants note in their reply brief, Plaintiff's opposition to the Motion to Compel, which was filed on May 29, 2007, was not timely filed. Pursuant to D. Kan. Rule 6.1,[7] Plaintiff's opposition should have been filed within fourteen days of the filing of the Motion to Compel, i.e., fourteen days after May 11, 2007, or on May 25, 2007. Plaintiff, however, did not file its opposition brief until four days after that deadline.

---

[6]*Id.* (citing *Geer v. Cox*, No. 01-2583-JAR-DJW, 2003 WL 21254731, at *1-2 (D. Kan. May 21, 2003); *Haggard v. Standard Register Co.*, No. 01-2513-CM, 2003 WL 365955, at *2 (D. Kan. Jan. 21, 2003)).

[7]D. Kan. Rule 6.1(d) provides that, unless otherwise ordered by the Court, responses to nondispositive motions must be filed within fourteen days of the date of filing of the motion. The Rule expressly states that this fourteen-day period includes the three days allowed for mailing under Fed. R. Civ. P. 6(d).

In the interest of resolving this motion on its merits, the Court will overlook the fact that the response was filed a few days short of the deadline. The Court will now proceed to address the merits of Defendants' Motion to Compel.

## IV. Analysis

### A. Applicable Law

Federal Rule of Civil Procedure 34 governs requests for production of documents and imposes a duty on the responding party to produce documents that are in the "possession, custody or control of the party."[8] The term "control" comprehends not only possession but also the right, authority, or ability to obtain the documents.[9] Accordingly, Rule 34(a) allows a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained "any right or ability to influence the person in whose possession the documents lie."[10] Generally speaking, a party is deemed to have control over documents held on its behalf by its attorneys.[11] A party is also deemed to have control over financial records of the party that are in the possession of the party's accountant.[12]

---

[8]Fed. R. Civ. P. 34(a).

[9]*Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004); *Comeau v. Rupp*, 810 F.Supp. 1127, 1166 (D. Kan. 1992).

[10]*Super Film*, 219 F.R.D. at 651 (quoting *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group*, 2003 WL 21659662, at *2 (D. Kan. June 4, 2003)).

[11]*Lone Star*, 2003 WL 21659662, at *2 (citations omitted).

[12]*Waldrip v. Hart*, 934 F. Supp. 1282, 1286 (D. Kan. 1996).

The party moving to compel production of documents is charged with establishing that the party from whom the documents are sought has possession, custody, or control of them.[13]   The moving party may, however, establish a prima facie case of control by showing that the documents sought are those that would be normally generated or kept in the course of the responding party's business.[14]   In other words, if the moving party shows that the documents are typically created or kept in the course of the responding party's business, that creates a presumption that the documents exist.[15]   The responding party may overcome the presumption if it provides a sworn statement that no such documents exist.[16]

### B.   Application of Rule 34(a) to this Case

Here, Defendants assert that Plaintiff did not produce or identify in its privilege log any documents from Plaintiff's attorneys at Lathrop & Gage, L.C., who drafted portions of the Supply Agreement, Confidentiality Agreement, and CTDA.  (As noted above, those three agreements form the basis of Plaintiff's breach of contract and tortious interference claims.)  Defendants also assert that Lathrop & Gage, L.C., provided Plaintiff with a patentability opinion regarding the patent that Plaintiff claims Defendants infringed.  According to Defendants, Plaintiff should have produced (or identified in its privilege log) some documents that would have been in its attorneys' possession but yet under Plaintiff's control.  When Plaintiff did not produce (or identify) any such documents, Defendants' counsel asked Plaintiff's counsel whether Plaintiff had limited its production to only those documents within its immediate possession.  Counsel refused to answer and stated that

---

[13]*Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970).

[14]*Id.* at 473.

[15]*Id.*

[16]*Id.* at 472-73.

Plaintiff would not confirm whether it had attempted to locate any responsive documents maintained by its agents, attorneys, consultants, or contractors.

In its opposition brief, Plaintiff does not dispute that this conversation between counsel took place. Moreover, Plaintiff's opposition brief is silent as to whether Plaintiff undertook any efforts to determine whether its attorneys or other entities or persons—over whom Plaintiff had the authority or ability to obtain the documents—had any responsive documents in their possession.

Defendants have not shown that there are any particular responsive documents which Plaintiff has failed to produce or to identify in its privilege log. Although it is undisputed that Plaintiff's counsel drafted portions of the contracts at issue and issued a patentability opinion about the subject patent, the Court does not find that this meets Defendants' burden to establish Plaintiff has control of any particular documents in its attorneys' possession that have not been produced or identified. Nor does it establish a prima facie case that certain responsive documents exist. On the other hand, Defendants did make a bona fide attempt to determine whether Plaintiff undertook any efforts to locate responsive documents in the possession of its attorneys or others over whom Plaintiff has the authority or ability to obtain documents. That attempt was frustrated by Plaintiff's refusal to confirm whether it had undertaken any such efforts. Also, the Court's inquiry into the matter has been frustrated by Plaintiff's failure to address this issue in its opposition brief.

Under these circumstances, the Court does not believe that Defendants' failure to meet such formalistic requirements should defeat Defendants' right to discovery. The Court therefore holds that Defendants are entitled to the order requested in their Motion to Compel.

Accordingly, the Court hereby grants Defendants' motion, and directs Plaintiff to produce all non-privileged documents responsive to Defendants' First Request for Production of Documents that are within its possession, custody, or control, including all documents that are within the

possession of its attorneys and any other person or entities over whom Plaintiff has the right, authority, or ability to obtain the documents, as required by Federal Rule of Civil Procedure 34(a). Said production shall take place within **ten (10) days** of the date of this Order.  In the event Plaintiff locates any responsive documents that it contends are privileged, it shall identify them in a supplemental privilege log.  The privilege log shall be served on Defendants within **ten (10) days** of the date of this Order.  Finally, in the event Plaintiff determines that it has already produced and/or identified in its privilege log *all* documents in its possession, custody, or control that are responsive to a particular request, Plaintiff shall provide a sworn statement to that effect for each such request.  Said statement shall be provided to Defendants within **ten (10)** days of the date of this Order.

## V.    Award of Fees and Expenses

Defendants request, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), that they be awarded the reasonable attorney's fees and expenses that they have incurred in connection with the motion.   Under Rule 37(a)(4A), the award of fees and expenses is mandatory, unless certain exceptions apply.  The Rule provides in pertinent part:  "If the motion [to compel discovery] is granted . . . the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust."[17]

---

[17]Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

The Court does not find that any of the stated exceptions apply here.  The Court notes that it is not required to hold a hearing before imposing these sanctions.  Although the Court must afford the party an "opportunity to be heard,"[18] the Court may consider the issue of sanctions "on written submissions."[19]  Here, Defendants expressly requested in their motion that they be awarded their attorney's fees and expenses.  Plaintiff had the opportunity to argue, and in fact did argue in its opposition brief, against the imposition of such an award.  The Court therefore finds that Plaintiff has had sufficient "opportunity to be heard" within the meaning of Rule 37(a)(4).

In light of the above, the Court will grant Defendants' request for fees and expenses.  To aid the Court is determining the proper amount of the award, Defendants' counsel shall file, within **thirty (30) days** of the date of this Order, an affidavit itemizing the expenses and attorney's fees that Defendants incurred in bringing their Motion to Compel.  Plaintiff shall have **twenty (20) days** thereafter to file a response to the affidavit.  Thereafter, the Court will issue an order specifying the amount of the award and the time of payment.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Further Responses to Defendants' Document Requests (doc. 109) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall produce all documents required to be produced under this Order and serve any supplemental privilege log and/or sworn statement required to be served under this Order, within **ten (10) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' Rule 37(a)(4)(A) request for attorney's fees and expenses against Plaintiff is granted, and Defendants shall file, within **thirty (30) days** of the

---

[18]*Id.*

[19]*Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *11 n.7 (D. Kan. Oct. 9, 2001) (citing Fed. R. Civ. P. 37(a)(4) advisory committee's note).

date of this Order, an affidavit itemizing the reasonable attorney's fees and expenses they have incurred in connection with their Motion to Compel.  Plaintiff's response to the affidavit shall be filed **twenty (20) days** thereafter.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 10th day of November 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and pro se parties